IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| NANCY HELMER, ET AL.,       )<br>                             )<br>          Plaintiffs,        )<br>                             )<br>     vs.                     )<br>                             )<br>FAIRFIELD RESORTS, INC., ET  )<br>AL.,                         )<br>                             )<br>          Defendants.        )<br>_____)  | CIVIL NO. 05-00653 JMS-LEK |

### **FINDING AND RECOMMENDATION TO REMAND CASE**

On July 28, 2005, Plaintiffs Nancy Helmer and John Bodenburg ("Plaintiffs") filed the instant action in the Third Circuit Court for the State of Hawai`i against Defendants Fairfield Resorts, Inc. ("Fairfield") and Cendant Timeshare Resort Group, Inc. ("Cendant"). On October 14, 2005, Fairfield and Cendant removed the case to federal court based on diversity of citizenship.[1] The parties later stipulated to dismiss the claims against Cendant without prejudice.

On January 30, 2007, this Court granted Fairfield's Motion for Order Granting Leave to File a First Amended Answer to Complaint, filed on December 28, 2006, and Plaintiffs' Motion for Leave to File First Amended Complaint, or for Certification of

---

[1] Plaintiffs are both Hawai`i residents. [Complaint at ¶¶ 1-2.] Fairfield and Cendant are both corporations that were incorporated under the laws of Delaware and have their principal places of business in Florida. [Notice of Removal at ¶ 1.]

Doe Defendants, and to Remand Case to State Court, filed on December 26, 2006.  On February 2, 2007, Plaintiffs filed their First Amended Complaint against Fairfield, Kona Hawaiian Resort Interval Owners Association ("the Association"), and Outrigger Hotels Hawai`i ("Outrigger").  The First Amended Complaint states that the Association is a Hawai`i nonprofit corporation doing business in Hawai`i and Outrigger is a Hawawi`i limited partnership doing business in Hawai`i.  [First Amended Complaint at ¶¶ 4-5.]

When the amount in controversy exceeds $75,000, excluding interest and costs, and the action is between citizens of different states, a United States district court has diversity jurisdiction over the action.  See 28 U.S.C. § 1332(a)(1).  The United States Supreme Court has "consistently interpreted § 1332 as requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2617 (2005) (citations omitted).  If, after the removal of a case based on diversity jurisdiction, the plaintiff seeks to join additional defendants that would destroy complete diversity, the court may deny the joinder or may allow the joinder and remand the action to the state court.  See 28

U.S.C. § 1447(e).

In the present case, this Court has permitted Plaintiffs to join the Association and Outrigger as defendants in this action.  Insofar as Plaintiffs, the Association, and Outrigger are citizens of the same state, this Court FINDS that the joinder destroyed complete diversity and divested the federal court of jurisdiction.  This Court therefore RECOMMENDS that the case be remanded to the Third Circuit Court for the State of Hawai`i.  The federal court retains jurisdiction to determine whether an award of removal related costs and expenses pursuant to 28 U.S.C. § 1447(c) is appropriate.  See Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, February 6, 2007.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NANCY HELMER, ET AL. V. FAIRFIELD RESORTS, INC., ET AL; CIVIL NO. 05-00653 JMS-LEK; FINDING AND RECOMMENDATION TO REMAND CASE**