IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| NANCY HELMER and JOHN BODENBURG, | ) ) ) | CIVIL NO. 05-00653 JMS-LEK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| FAIRFIELD RESORTS, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY**
**<u>PLAINTIFFS' MOTION FOR ATTORNEYS' FEES</u>**

Before the Court is Plaintiffs Nancy Helmer's and John Bodenburg's (collectively "Plaintiffs") Motion for Attorneys' Fees ("Motion"), filed on February 9, 2007. The Court finds this matter suitable for disposition without a hearing pursuant to the Local Rules for the District of Hawai'i ("Local Rules") LR7.2(d). Upon careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion be DENIED for the reasons below.

<u>BACKGROUND</u>

On July 28, 2005, Plaintiffs Nancy Helmer ("Helmer") and John Bodenburg ("Bodenburg") (collectively "Plaintiffs") filed the instant action in the Third Circuit Court for the State of Hawai'i against Defendants Fairfield Resorts, Inc.

("Fairfield") and Cendant Timeshare Resort Group, Inc. ("Cendant") (collectively "Defendants"), alleging negligence and premises liability based on Plaintiff Helmer's fall at the Kona Hawaiian Resort.  On October 14, 2005, Fairfield and Cendant removed the case to federal court based on diversity of citizenship.[1]  The parties later stipulated to dismiss the claims against Cendant without prejudice.

On January 30, 2007, this Court granted Fairfield's Motion for Order Granting Leave to File a First Amended Answer to Complaint, filed on December 28, 2006, and Plaintiffs' Motion for Leave to File First Amended Complaint, or for Certification of Doe Defendants, and to Remand Case to State Court, filed on December 26, 2006.  On February 2, 2007, Plaintiffs filed their First Amended Complaint against Fairfield, Kona Hawaiian Resort Interval Owners Association ("the Association"), and Outrigger Hotels Hawai'i ("Outrigger").  The First Amended Complaint states that the Association is a Hawai'i nonprofit corporation doing business in Hawai'i and Outrigger is a Hawai'i limited partnership doing business in Hawai'i.  [First Am. Compl. at ¶¶ 4-5.]

---

[1] Plaintiffs are both Hawai'i residents.  [Compl. at ¶¶ 1-2.] Fairfield and Cendant are both corporations that were incorporated under the laws of Delaware and have their principal places of business in Florida.  [Notice of Removal at ¶ 1.]

On February 6, 2007, this Court entered a Finding and Recommendation to Remand Case ("F&R") based on the fact that the joinder of Association and Outrigger as defendants destroyed complete diversity and divested the federal court of jurisdiction.  The Court, however, specified that it retained jurisdiction to determine whether an award of removal related costs and expenses under 28 U.S.C. § 1447©) is appropriate.  On March 5, 2007, the district court adopted the F&R.

In the instant Motion, Plaintiffs seek attorneys fees incurred as a result of Fairfield's removal of the case.  The crux of Plaintiffs' argument is that unusual circumstances exist to justify an award of attorneys' fees.  Specifically, Plaintiffs point to Fairfield's delay in correcting its admission in its answer that it owns and/or controls the Kona Hawaiian Village Timeshare Resort.  According to Plaintiffs, over a year after Fairfield filed its answer, it informed Plaintiff that the Association in fact owned the subject premises.

Plaintiffs acknowledge that they cannot determine with certainty whether Fairfield's actions were the result of carelessness or a concerted effort to sabotage Plaintiffs' case but emphasize that extended delay has resulted.  They explain that upon remand, the parties will start from scratch; that is, they will have to submit to the Court Annexed Arbitration Program; file a pretrial statement; receive a trial date; and

participate in a settlement conference with a different judge. Plaintiffs contend that their efforts in federal court were therefore wasted.  Likewise, Plaintiffs argue that Fairfield's actions caused the Court to unnecessarily expend time adjudicating discovery disputes, holding status and settlement conferences, and entertaining motions when Fairfield could have earlier determined its ownership in the premises.  Plaintiffs submit that these unusual circumstances warrant an award of attorneys' fees.  Finally, Plaintiffs maintain that their requested fees, totaling $3,010.00, are reasonable and extremely conservative.

On February 27, 2007, Fairfield filed an Opposition, arguing that it properly and appropriately removed the case on the basis of diversity jurisdiction.  Fairfield notes that Plaintiffs incorrectly focus upon Fairfield's actions following proper removal, when the sole inquiry should be whether an objectively reasonable basis existed for the removal of the action from state to federal court.  Fairfield claims that it complied with the federal removal statutes and that unequivocal diversity of citizenship between Plaintiffs and Defendants gave rise to federal jurisdiction and also provided an objectively reasonable basis for removal.  According to Fairfield, occurrences after removal provide a basis for remand, but not a basis for attorneys' fees under § 1447©).

Fairfield additionally emphasizes that Plaintiffs' counsel has taken this case on a contingency basis and that counsel has admitted that he did not keep a record of his time on this case as a result. [Decl. of Daniel P. Kirley ("Kirley Decl.") at ¶ 8.] As such, Plaintiffs have not actually incurred any fees relating to the removal.

Addressing Plaintiffs' contention that the time in federal court has been a waste, Fairfield clarifies that even if this case had proceeded in state court, the parties would have had to do many of the same things they completed in federal court. Fairfield also asserts that even a cursory review of Plaintiffs' Interval Deed reveals that they are members of the Association. Had Plaintiffs performed their due diligence prior to commencing the instant action, Fairfield insists they would have realized that the sidewalk was owned by the Association. As another argument, Fairfield proffers that the statute of limitations expired by the time Plaintiffs served it with the Complaint. Thus, Plaintiffs would have had to file an amended Complaint to add the Association even if Fairfield had, in its Answer, denied ownership and control of the premises. Fairfield maintains that any delay has not prejudiced Plaintiffs.

On March 6, 2007, Plaintiffs filed a Reply Memorandum. They first concede that Fairfield had a basis to remove the action in October 2005. However, they emphasize that unusual

circumstances exist, thereby warranting a departure from the general rule that a court may only award attorneys' fees where the removing party lacked an objectively reasonable basis for doing so.  Plaintiffs reiterate that Fairfield's false admission of ownership and subsequent failure to correct such an admission for over a year resulted in delay, additional costs and wasted judicial resources.

      As to Fairfield's contention that Plaintiffs were in a better position to ascertain the premises' owner's identity, Plaintiffs respond that they purchased a timeshare interest at the resort in advance of purchasing a home and were therefore no more than tourists.  Plaintiffs note that in contrast, Fairfield developed the resort so Fairfield and the Association are in the best position to determine who as between the two owns the sidewalk where Plaintiff Helmer fell.

      Finally, Plaintiffs address Fairfield's assertion that they have suffered no prejudice given that the expiration of the statute of limitations prior to the filing of the Answer would have required them to amend the Complaint even if the Association was identified as the owner of the premises.  Plaintiffs stress that if Fairfield correctly identified the Association as the owner in its Answer, the addition of the Association as a defendant would have automatically related back to July 28,

2005.[2]  As the Court did not rule on the issue of whether the First Amended Complaint related back to the date of the original filing, Plaintiffs express concern that they are open to attack in state court on the statute of limitations issue.

## DISCUSSION

When a federal court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). The United States Supreme Court has stated that: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  Martin v. Franklin Capital Corp., 126 S. Ct. 704, 711 (2005) (citations omitted).  The district court retains discretion to determine whether a given case presents unusual circumstances that warrant a departure from this rule.  Id.  The Martin Court also instructed that

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are

---

[2] Plaintiffs explain that they could have complied with Federal Rule of Civil Procedure 15(c)(3)'s requirement that they notify the Association within 120 days of the original filing.

satisfied.

Id.

In this case, § 1441(a) granted Fairfield and Cendant a right to a federal forum on the basis of diversity jurisdiction. At the time of removal, there existed complete diversity between Plaintiffs and Defendants, and the amount in controversy exceeded $75,000. Indeed, Plaintiffs concede that Fairfield and Cendant had a basis to remove the action to federal court. Furthermore, the record indicates that Fairfield complied with the procedural requirements set forth in § 1446. Plaintiffs served Fairfield and Cendant on September 28, 2005 and Fairfield and Cendant timely filed their Notice of Removal on October 14, 2005. As all named defendants joined in the Notice, Fairfield and Cendant also satisfied the unanimity requirement in § 1446. The Court thus finds that even though the case was remanded due to the joinder of the Association and Outrigger which destroyed diversity, Fairfield and Cendant had an objectively reasonable basis for seeking removal. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1254 (9th Cir. 2006) (electing not to express an opinion on the merits of defendant's removal, but reversing district court's award of fees and costs under § 1447©) because the defendant's notice of removal was timely and therefore objectively reasonable).

Plaintiffs do not contend that Fairfield lacked an objectively reasonable basis for seeking removal.  Rather, Plaintiffs submit that Fairfield's erroneous filing and false admissions; delay in identifying the Association as the correct owner of the premises; and the resulting waste of time and resources constitute the unusual circumstances warranting an award of attorneys' fees.  The Court is unpersuaded.

Although the Court acknowledges that Fairfield arguably could have and should have ascertained the ownership of the premises at an earlier date, the Court focuses its inquiry on Fairfield's actions at the time of the removal.  When Fairfield and Cendant filed the Notice, less than one month had lapsed from the date of service.  Other than Plaintiffs' speculation that Fairfield intended to sabotage their case, there is no evidence before the Court suggesting that, at the time of removal, Fairfield knew that the Association was the owner of the premises but nevertheless sought removal as a means of prolonging litigation or imposing costs on Plaintiffs.  Consequently, the Court finds that no unusual circumstances exist in this case that would warrant a departure from the general rule that a court may only award fees where the removing party lacked an objectively reasonable basis for removing the case.  Plaintiffs are therefore not entitled to their removal related expenses and the Court recommends that the district court deny Plaintiffs' request for

attorneys' fees.

## CONCLUSION

Based on the foregoing, this Court FINDS that because Defendant Fairfield had an objectively reasonable basis for removing the action to federal court, an award of removal related expenses would be inappropriate.  The Court therefore RECOMMENDS that Plaintiffs Nancy Helmer's and John Bodenburg's Motion for Attorneys' Fees, filed February 9, 2007, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, July 3, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**NANCY HELMER, ET AL. V. JOHN BODENBURG, ET AL; CIVIL NO. 05-00653 JMS-LEK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**